IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BIANCA MOTLEY BROOM, in her Individual and official capacity as Mayor of the City of College Park, Georgia, ) ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION FILE NO._____ |
| vs. ) ) | |
| COLLEGE PARK, GEORGIA, A Georgia Municipal Corporation, ) ) ) ) | |
| Defendant. ) | |

**MOTION TO DISQUALIFY WINSTON DENMARK AND FIRM OF DENMARK ASBY FROM APPEARING OR REPRESENTING DEFENDANT DUE TO UNWAIVABLE CONFLICT OF INTEREST**

COMES NOW Plaintiff BIANCA MOTLEY BROOM, and moves this Court for an Order to disqualify City Attorney Winston Denmark and his law firm Denmark Ashby from entering an appearance or otherwise participating as counsel for Defendant in this matter. In support of this Motion, Plaintiff respectfully shows the Court as follows:

1.

The facts set forth in this motion are from Plaintiff's verified complaint.

2.

Following the vote of the Council to adopt the Omnibus Motion on January 2, 2024, Plaintiff sent Denmark an email raising the issue of his conflict of interest in this dispute. Complaint at ¶ 49.

3.

Denmark denied any conflict of interest despite having taken sides with the Council to seek to silence the Mayor and alter her powers and authority in violation of the Charter. A true and correct copy of the email exchange is attached to the Complaint as Exhibit G.

4.

On or about January 22, 2024, Denmark rendered an oral opinion that no member of Council was required to accept the gavel from the Mayor if she wished to address an agenda item. Complaint at ¶¶ 62-66.

5.

On February 19, 2024, Denmark again rendered biased and inappropriate counsel to the City Council when he opined that without a report from the City Manager, Plaintiff was precluded from asking him questions or addressing concerns she may have had. Complaint at ¶¶ 73-75.

6.

Under Rule 1.13 of the Model Rules of Professional Responsibility, as adopted by this Court, and the same provision of the Georgia Rules of Professional responsibility, the City Attorney is to be the counsel for the organization or entity

by which he has been retained or employed, in this case the City of College Park, and all of its constituent officers and officials.

7.

Rule 1.7 of the Model Rules of Professional Responsibility, as adopted by this Court, and the same provision of the Georgia Rules of Professional responsibility provides the general rule on conflicts of interest and provides:

> (a) A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client.

8.

As the City Attorney, Denmark and his firm owe a duty of loyalty to Plaintiff, the City of College Park, and the City Council. Comment [1] to Rule 1.7.

9.

Denmark's conflict is imputed to all lawyers in his firm. Model R. Prof. Resp. 1.10; Ga. R. Prof. Resp. 1.10; *In re Cabe & Cato, Inc.*, 524 B.R. 870 (Bankr. N.D. Ga. 2014); *First Key Homes of Georgia, LLC v. Robinson*, 365 Ga. App. 882, 880 S.E.2d 371 (2022).

10.

Denmark to this point has refused and declined to recognize his clear conflict of interest.

11.

Mayor Motley Broom does not waive the conflict of interest present in this case.

12.

Denmark's work for the City of College Park and for the City Council is directly adverse to Mayor Motley Broom. See *Befekau v. Addis International Money Transfer, LLC*, 332 Ga. App. 103, 106, 772 S.E.2d 785, 788 (2015).

13.

Denmark work on, drafted, or otherwise prepared documents passed by the City Council adverse to the Mayor, rendered legal opinions adverse to the Mayor, and refused to recognize the present of a dispute between different parts of his entity client that raised the spectre of an abuse of his duty of loyalty to his joint client.

14.

The actions of the City of College Park giving rise to this dispute are not just "substantially related" to this dispute, they are inextricably intertwined with the legal advice and legal work offered and performed by Denmark and his firm. *Cardinal Robotics, Inc. v. Moody*, 287 Ga. 18, 21,

694 S.E.2d 346, 349 (2010) (holding that disqualification required if the matters are "substantially related").

15.

As set forth in the Complaint, Denmark drafted the Omnibus Motion, then drafted Ordinance 2024-01, provided legal advice about the effect of the Motion and Ordinance, and acted in concert with the Council to restrict and deny Mayor Motley Broom her right to speak and execute her office in accordance with the First Amendment to the United States Constitution and the Charter of the City of College Park.

16.

Denmark's conflict is palpable and could not be waived even if Mayor Motley Broom were inclined to do so.

WHEREFORE, Plaintiff moves this Court to disqualify Winston Denmark and his law firm from appearing, advising, or otherwise participating in this litigation and from providing further advice and counsel to the City Council on the effect or purpose of the Omnibus Motion and Ordinance 2024-01 as may be required during the pendency of this dispute.

This 1st day of March, 2024.

        THE BALCH LAW GROUP

        By: */s/ Christopher D. Balch*
           Christopher D. Balch
           Georgia Bar No. 034015

830 Glenwood Ave., SE
Suite 510-220
Atlanta, GA 30316
404/963-0046
678/228-1885 (fax)
chris@balchlawgroup.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the above and foregoing document was prepared using Microsoft Word in Times New Roman 14 point type with 1 inch margins and all other requirements of the Rule.

This 1st day of March, 2024.

        THE BALCH LAW GROUP

        By: */s/ Christopher D. Balch*
           Christopher D. Balch
           Georgia Bar No. 034015

830 Glenwood Ave., SE
Suite 510-220
Atlanta, GA 30316
404/963-0046
678/228-1885 (fax)

chris@balchlawgroup.com

chris@balchlawgroup.com